**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 97-60026

Summary Calendar
_____


WENDELL A DUNCAN,

                              Plaintiff-Appellant,

versus


MACKEY WRIGHT; MARGARET BINGHAM, Associate
Superintendent, The Kenneth Central
Mississippi Correctional Center; LAKE O.
LINDSEY, Associate Superintendent, The Kenneth
Central Mississippi Correctional Center; JAMES
HOLMAN; NATHA, Lt.; FREDERICK NORWOOD,

                              Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Mississippi
(3:95-CV-452WS)
_____

October 20, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Wendell Duncan (Mississippi prisoner #32726) seeks to appeal

_in forma pauperis_ (IFP) the dismissal of his civil rights

complaint.  He has also filed a motion requesting a copy of his

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial transcript at government expense.

Duncan is BARRED by 28 U.S.C. § 1915(g) from proceeding IFP because, on at least three prior occasions while incarcerated, Duncan has brought an action or appeal in a United States court that has been dismissed as frivolous. *See Duncan v. Puckett*, No. 96-60096 (5th Cir. May 27, 1996) (unpublished) (affirmance by this court of district court's dismissal of civil rights action as frivolous); *Duncan v. Pryor*, No. 95-60766 (5th Cir. Apr. 17, 1996) (unpublished) (affirmance by this court of district court's dismissal of civil rights action as frivolous); *Duncan v. Buck*, No. 4:96-CV-2 (N.D. Miss. Jan. 12, 1996) (dismissal of civil rights suit as frivolous by the district court). Once a prisoner has filed three such claims, he may not proceed IFP unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Duncan has not alleged, nor does the record suggest, that such danger exists.

Accordingly, Duncan's IFP status is DECERTIFIED, and his appeal is DISMISSED. *See Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998) (revoking IFP status and dismissing appeal for failure to allege imminent danger of serious physical injury). His motion for a copy of his trial transcript is DENIED as moot. Should Duncan wish to reinstate his appeal, he has 15 days from the date of this opinion to pay the full appellate filing fee of $105 to the clerk of the district court.

IFP DECERTIFIED. APPEAL DISMISSED. MOTION DENIED.